Parker C. J.
delivered the opinion of the Court. The condition of the bond is, that the obligor will pay all the debts which the obligee now owes. And this was an important part of the consideration for the conveyance of the estate to the son. The bond is payable to the obligee, his executors, &c.; which excludes the supposition suggested, that it was intended to be personal, so as not to be in force after his death. If the obligee had lived, he could have maintained an action on the bond for the non-payment of his debts, although he had not been called upon himself to pay them.
The presentation of the note to the commissioners by the holder and their rejection of the claim, and the omission to prosecute at law, form no defence. The obligation was direct, to pay the debts. It may be presumed to have been a principal object with the obligee, to have justice done to his creditors. It was for this purpose that he conveyed his estate to his son. Indeed, without this purpose, the conveyance would have b?en fraudulent. How came his estate to be insolvent? Because he conveyed it to his son, in trust for himself, and for the payment of his debts. It would be a fraud upon the parent by the son, after having obtained title to his estate on the condition of paying his debts, to refuse payment of them because he died insolvent. The administrators have a right to exact of him money under this bond, to enable them to discharge debts, the payment of which their intestate had honestly provided for. We think it very clear that judgment should be for the plaintiffs.